No. 152      February 28, 2024      329

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. R. S.,
*Appellant.*

Clackamas County Circuit Court
22JU05195; A181579

Cody M. Weston, Judge.

Submitted January 3, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded for entry of judgment omitting allegation 3(c) as a basis for jurisdiction; otherwise affirmed.

**SHORR, P. J.**

In this juvenile dependency case, father appeals from the jurisdictional judgment entered on May 9, 2023, regarding his child, B.[1] He raises six assignments of error, challenging each of the jurisdictional bases and asserting, generally, that the juvenile court erred in asserting dependency jurisdiction over B. He requests that we reverse the judgment. As we explain below, as to the allegation that jurisdiction was justified because father's mental health problems interfere with his ability to safely parent B, we agree with father that the evidence was insufficient to support that basis on which the juvenile court took jurisdiction. As to the other bases on which the juvenile court took jurisdiction, having reviewed the record, we conclude that the court did not err. Accordingly, we reverse and remand for entry of a judgment omitting allegation 3(c) as a basis for jurisdiction and otherwise affirm.

We review the sufficiency of the evidence supporting dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). "To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the state must prove, by a preponderance of the evidence, ORS 419B.310(3), that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks omitted).

A detailed recitation of the facts would not benefit the bench, the bar, or the public. After a trial in April 2023, the juvenile court entered a judgment reflecting its findings that the Department of Human Services (DHS) had proved the following jurisdictional bases regarding father:

---

[1]  Mother is not a party to this appeal.

- 3(a)  "The child has been exposed to domestic violence by the father."

- 3(b)  "The child has developmental disabilities and/or delays that require structure, supervision, and treatment that the father failed to provide."

- 3(c)  "The father's mental health problems interfere with his ability to safely parent the child."

- 3(d)  "The father has engaged in a pattern of domestic violence with his family members and/or domestic partners and is currently in a domestically violent relationship with the child's mother."

- 3(h)  "The father has a pattern of engaging in violent and/or unsafe behavior and displays erratic behavior, which presents a risk of harm to the child."

On appeal, father contends that the juvenile court lacked authority to take jurisdiction on any basis due to the absence of any evidence (1) that he suffered from the alleged deficits at the time of trial and (2) that any purported deficit exposed B to a threat of serious loss or injury likely to be realized. DHS argues in response that the evidence allowed the juvenile court to determine that father's conduct presented a current threat to B's safety at the time of trial, and therefore, the juvenile court correctly took dependency jurisdiction over B.

As noted above, having reviewed the record, we conclude that the juvenile court properly asserted jurisdiction based on allegations 3(a), 3(b), 3(d), and 3(h). However, we agree with father as to allegation 3(c), which relates to father's "mental health problems."

In regard to the mental health allegation, father argues that DHS did not establish that any purported mental health issue exposed B to a risk of serious loss or injury likely to be realized unless the court intervened. To the contrary, according to father, the record is devoid of evidence about the actual effects of father's mental health struggles on B, and, therefore, was insufficient to establish a nonspeculative and cognizable risk. DHS asserts that the record here showed that father expresses paranoia while simultaneously displaying extremely erratic, threatening,

and volatile behavior and that it was proper for the court to infer that one part of the risk posed to B was father's mental health problems.

Here, the juvenile court found that father's "behavioral issues," the fact that father blames others and paints himself as a victim, and father's testimony at the trial indicated that father has "underlying mental health issues." The court also determined that the mental health issues "are interfering with [father's] ability to safely parent [the child]." However, even assuming that there is sufficient evidence that father has mental health problems, the record lacks evidence of the "serious loss or injury to the child that is reasonably likely to be realized" here in regard to the mental health allegation. *K. C. F.*, 282 Or App at 19 (internal quotation marks omitted). "DHS has the burden to establish a nexus between the allegedly risk-causing conduct or circumstance and risk of harm to the child." *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014). The evidence in the record does not support a conclusion that DHS established that nexus here.

Because the evidence supports dependency jurisdiction based on allegations 3(a), 3(b), 3(d), and 3(h), but not allegation 3(c), we reverse and remand the jurisdictional judgment for the court to enter a judgment omitting allegation 3(c) as a basis for jurisdiction.

Reversed and remanded for entry of judgment omitting allegation 3(c) as a basis for jurisdiction; otherwise affirmed.